CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 27 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES F. CLARK, | ) | CASE NO. 7:11CV00570 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| | ) | |
| NORMAN DOWDY, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

James F. Clark, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that the defendants caused him to be wrongfully convicted and confined, in violation of his constitutional rights.[1] Upon review of the record, the court concludes that the action must be summarily dismissed.

I

Clark's submissions and court records provide the following information related to his claims in this civil action. In August 2007, Clark was convicted after a jury trial in the Pulaski County Circuit Court of abduction, inanimate object sexual penetration, rape, and forcible sodomy, involving two female victims; the court sentenced him to 320 years in prison. See Clark v. Director, Case No. 7:10CV00006 (W.D. Va. Sept. 13, 2010), appeal dismissed, 411 F. App'x 631 (Feb. 18, 2011). Clark's state court appeals and state habeas corpus proceedings were unsuccessful, this court denied his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the United States Court of Appeals for the Fourth Circuit dismissed his habeas appeal. Id.

---

[1] In the style of his complaint, Clark names Norman Dowdy, K. Mke Fleenor, Jr., Esquire, the State of Virginia (later identified in the complaint as "the Commonwealth"), and the Supreme Court of Virginia.

Clark now files this § 1983 civil rights action against several individuals involved in the investigation and trial proceedings that led to Clark's convictions. First, Clark alleges that the Commonwealth's Attorney, K. Mike Fleenor, Jr., violated his rights by knowingly presenting tainted forensic evidence to the jury; by failing to correct testimony in the Commonwealth's case that Fleenor knew to be inconsistent with the medical findings; by failing to disclose these inconsistencies to the jury, in violation of Brady v. Maryland, 373 U.S. 83 (1963); and by trying Clark under a faulty indictment for forcible sodomy. Second, Clark asserts that Norman Dowdy, one of the detectives on his case, conspired to obstruct justice by "plant[ing] DNA that was blood on [Clark's] underwear." Third, Clark sues the the Supreme Court of Virginia, based on allegations that a court clerk (a) deliberately delayed the court's consideration of Clark's notice of appeal; (b) delayed consideration of Clark's petition for rehearing; and (c) misapplied the Supreme Court of Virginia's procedural rules. Fourth, Clark sues the Commonwealth as to all of these alleged grounds for relief.[2]

As relief in this action, Clark seeks monetary damages and a transfer to Pulaski (where he wants to be released). He also moves for appointment of counsel to assist him in achieving his release and in determining the appropriate amount of damages to request in this lawsuit.

---

[2] These five "claims" are stated in a section of the complaint entitled "Claims for Relief." Elsewhere in his 51-page complaint, Clark also mentions many other events and actions that he perceives as violations of his right to a fair trial, but without stating any facts tying such alleged violations to the stated claims against the defendants he has sued in this lawsuit. Therefore, the court does not consider the additional allegations as any part of the claims raised against the named defendants in this § 1983 action.

To the extent that Clark presents these other allegations as an attempt to demonstrate that his current confinement is unlawful, such claims could be construed as a second petition for a writ of habeas corpus under 28 U.S.C. § 2254. This court has no jurisdiction to address a second § 2254 petition from Clark, however, because he offers no evidence that he has been granted certification from the United States Court of Appeals for the Fourth Circuit to pursue a second or successive petition, pursuant to 28 U.S.C. § 2244( b). Accordingly, the court will not construe any part of Clark's submission as a § 2254 petition.

2

## II

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted or if the lawsuit "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1).

### A.

Clark complains that actions by the defendants, as prosecutor and investigator in his criminal proceedings, caused him to be wrongfully convicted. Claims of this nature are not actionable under § 1983 unless the resulting convictions have been overturned or set aside. The United States Supreme Court has held that

> in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order . . . or called into question by a federal court's issuance of a writ of habeas corpus. . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote omitted). If Clark could prove that the prosecutor knowingly presented tainted evidence, knowingly allowed a witness to testify falsely, failed to disclose favorable material evidence to the defense, and prosecuted Clark under an indictment he knew to be unsupported by the evidence, as Clark alleges, such findings would necessarily imply that Clark's convictions were invalid. Similarly, if Clark could demonstrate

3

that the investigator intentionally planted incriminating material evidence that caused Clark to be convicted, as Clark alleges, such a finding would also necessarily imply that the resulting convictions were invalid.

Because Clark offers no evidence that his convictions have been overturned or expunged, any cause of action for damages which he may have against anyone for wrongful actions that contributed to those convictions has not yet accrued. Id. Therefore, Clark's §1983 claims against Fleenor and Dowdy, concerning their actions that allegedly caused him to be wrongfully convicted, are not yet actionable under § 1983. The court will dismiss these claims without prejudice as frivolous under § 1915A(b)(1), as they have no legal basis at this time.

B.

Clark's claims against the Commonwealth and the Supreme Court of Virginia must also be summarily dismissed. The Commonwealth, like any state, is not a "person" within the meaning of § 1983 and thus may not be sued under this section. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Moreover, it is well established that the Eleventh Amendment to the United States Constitution prohibits a federal court from rendering a judgment against an unconsenting state or its instrumentalities and agencies in favor of a citizen of that state or any other state. See, e.g., Regents of the University of California v. Doe, 519 U.S. 425, 429 (1997); Edelman v. Jordan, 415 U.S. 651, 663 (1974). Because the Commonwealth and its Supreme Court are not subject to suit in federal court, all claims against these defendants will be dismissed without prejudice, pursuant to § 1915A(b)(1), as legally frivolous.

C.

Finally, Clark's claims against the court clerk must also be dismissed. Clark's allegations about the clerk's actions state, at most, claims that the clerk violated state appellate procedures or

4

negligently interfered with Clark's filings to the courts. Violations of state law do not implicate any constitutionally protected right and, as such, are not independently actionable under § 1983. Weller v. Dep't of Social Services, 901 F.2d 387, 392 (4th Cir. 1990) (finding that violations of state law by state officials do not provide basis for constitutional claims under §1983). Similarly, negligent actions that interfere with an inmate's ability to access the courts do not give rise to any actionable § 1983 claim that the actions deprived the inmate of constitutional rights. See Pink v. Lester, 52 F.3d 73, 75 (4th Cir. 1995). All § 1983 claims against the court clerk will be dismissed without prejudice, pursuant to § 1915A(b)(1), as legally frivolous.

III.

In conclusion, the court finds that Clark's allegations fail to state any constitutional claim against any of the defendants under § 1983 and dismisses such claims without prejudice under § 1915A(b)(1) as legally frivolous. To the extent that Clark may have some separate claim against any of the defendants under state law, the court declines to exercise supplemental jurisdiction over such claims, pursuant to 28 U.S.C. § 1367(c), and dismisses these claims without prejudice.[3] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 26th day of January, 2012.

_____
Chief United States District Judge

---

[3] Because the court concludes that Clark's allegations state no actionable claim under § 1983, the court will deny his motion for appointment of counsel. Only under exceptional circumstances not present here does the court request an attorney to represent an indigent, civil plaintiff who has a colorable claim, but lacks the capacity to present it. Gordon v. Leeke, 574 F.2d 1147, 1173 (4th Cir. 1978); Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975).